CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 9 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID L. WILLIS, JR. | ) | |
| Petitioner, | ) | Civil Action No. 7:07-cv-00241 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner David L. Willis, Jr., a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his convictions in the Circuit Court for the City of Danville. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## FACTUAL AND PROCEDURAL SUMMARY

On May 27, 2003, after a bench trial in the Circuit Court for the City of Danville, petitioner was convicted of driving after having been declared an habitual offender, third offense, in violation of Va. Code Ann. § 46.2-357. The Commonwealth of Virginia's evidence against petitioner adduced at trial included, inter alia, records of prior convictions and testimony from the arresting officer, Mark Haley, of the Danville Police Department. Officer Haley testified that on August 3, 2002, he was assisting in the operation of a sobriety checkpoint at Memorial Drive in the City of Danville. He stated that he observed petitioner attempt to avoid the checkpoint by turning into an empty office complex and, therefore, he stopped petitioner's vehicle. Petitioner failed to produce his driver's license, but indicated to Haley that he was an habitual offender. A large portion of the trial consisted of a suppression hearing during which petitioner challenged the constitutionality of the traffic stop. The Court determined that the officer had a sufficient basis to initiate the stop and denied the motion

to suppress. On July 7, 2003, petitioner was sentenced to imprisonment for a term of four years, with two years and two months suspended, and twelve months of probation. Petitioner was detained pursuant to a final order of the Court entered August 14, 2003.

Petitioner subsequently appealed his convictions to the Court of Appeals of Virginia, alleging that the trial court committed error by denying the motion to suppress. By per curiam opinion and order entered on March 10, 2004, the petition for appeal was denied by a single judge of the Court of Appeals. That Court determined that petitioner's "turn into the office complex 'was suspicious.'" The Court of Appeals reasoned, in relevant part:

> The incident occurred on a Saturday night after 10:00 p.m. when the offices were closed. The private entrance onto which appellant turned was the only way into and out of the complex. Although appellant did not stop or hesitate in the roadway prior to making the turn, the circumstances supported a reasonable suspicion that appellant was attempting to evade the road block. Accordingly, the circumstances observed by Haley justified the stop, and the trial court did not err in denying the motion to suppress.

The decision embodied in the per curiam opinion and order was adopted by a three-judge panel of the Court of Appeals of Virginia on May 14, 2004.

On November 9, 2004, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia. The petition included the following five claims:

    a)    The stop of vehicle was illegal;

    b)    The court committed error by failing to understand the trial testimony;

    c)    Counsel was ineffective in failing to "get a copy of the layout of the roadblock";

    d)    The Danville City Police committed misconduct; and

    e)    Counsel provided ineffective assistance by failing to file an appeal.

By order entered March 24, 2005, the Supreme Court of Virginia granted petitioner a belated appeal and dismissed his remaining claims without prejudice. By final order entered October 5, 2005, that same Court refused petitioner's direct appeal.

On March 7, 2006, petitioner filed a subsequent petition for writ of habeas corpus in the Circuit Court for the City of Danville. The petition alleged several instances of ineffective assistance of counsel including:

a)  Counsel failed to competently investigate the distance between the checkpoint and the stop;

b)  Counsel failed to object to the introduction of hearsay evidence; and

c)  Counsel failed to impeach and object to Officer Haley's inconsistent testimony.

By final order entered June 16, 2006, the Circuit Court for the City of Danville denied petitioner relief and dismissed his petition. The Court determined that claims (b) and (c) were barred pursuant to Va. Code Ann. § 8.01-654(B)(2), which provides that a petition for writ of habeas corpus shall contain all allegations the facts of which are known to petitioner at the time of filing. The Court found that claims (b) and (c) "could have been raised in Willis's first habeas corpus petition." The Court further determined that, as to claim (a), petitioner failed to satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984).[1] The Court pointed out that

> Willis advised the Court when he entered his not guilty plea that he was entirely satisfied with his attorney's services. Willis is bound by this representation. See Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981) ("[T]he truth and accuracy of representations made by an accused as to the adequacy of his court-appointed counsel . . . will be considered conclusively established by the trial

---

[1] The two-prong Strickland test states that, in order to demonstrate ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that, but for counsel's alleged deficiency, the result of the proceeding would have been different. Strickland, 466 U.S. at 689-94.

3

proceedings, unless the prisoner offers a valid reason why he should be permitted to controvert his previous statement."; see also Blackledge v. Allison, 431 U.S. 63, 74 (1977); Via v. Superintendent, Powhatan Correctional, 643 F.2d 167, 171-72 (4th Cir. 1981). Willis has not offered the Court a valid reason why he should be permitted to controvert his prior representation that he was satisfied with counsel's services. Thus, Willis has not met his burden to show his counsel's performance was deficient.

Moreover, the Court noted that "there is not a reasonable probability of a different outcome had counsel requested a 'layout' of the roadblock. The layout of the roadblock and distances between the roadblock and the point of the traffic stop were not material to the Courts' findings."

On September 20, 2006, petitioner appealed the Circuit Court for the City of Danville's ruling to the Supreme Court of Virginia. By order entered November 8, 2006, the Supreme Court dismissed petitioner's appeal for "failure to assign error" as required by Va. Sup. Ct. Rule 5:17(c). The Court also denied petitioner's petition for rehearing on January 18, 2007.

Petitioner filed the instant petition on May 8, 2007. The petition includes the following claims which the court has rephrased:

    a)     Counsel provided ineffective assistance by failing to competently investigate the distance between the checkpoint and the stop prior to trial;

    b)     Counsel was ineffective by failing to object to the hearsay testimony offered by Officer Haley as to what another officer said to petitioner; and

    c)     Counsel provided ineffective assistance by failing to impeach and object to the inconsistent testimony of Officer Haley.

Respondent moved to dismiss petitioner's petition on June 14, 2007. Petitioner has filed a response, and the petition is now ripe for disposition. The court will include additional facts in its analysis as necessary.

4

## ANALYSIS

### Standard of Review

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). The purpose of the exhaustion doctrine is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 846 (1999). A § 2254 claim has not been "fairly presented" for exhaustion purposes if the petitioner relied on different facts or a different rule of law in state proceedings. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Furthermore, when a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). In determining the reasonableness of a state court's

5

application of federal law, "federal courts are to review the *result* that the state court reached, not 'whether [its decision] [was] well-reasoned.'" Robinson v. Polk, 438 F.3d 350, 358 (4th Cir. 2006) (citations omitted). Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389.

## Procedural Default – Claims (b) and (c)

The doctrine of procedural default provides that a federal habeas court "may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000). A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985). Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).

In claim (b), petitioner contends that counsel provided ineffective assistance by failing to object to the introduction of hearsay evidence. In claim (c), petitioner claims that counsel provided ineffective assistance by failing to impeach Officer Haley's inconsistent testimony and failing to object to the inconsistent testimony. These claims are procedurally defaulted. The Supreme Court

6

of Virginia dismissed petitioner's appeal of the Circuit Court for the City of Danville's ruling for "failure to assign error" as required by Va. Sup. Ct. Rule 5:17(c).[2] The United States Court of Appeals for the Fourth Circuit has previously held that Va. Sup. Ct. Rule 5:17(c) constitutes an independent and adequate state law ground that precludes federal habeas review. See Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999) (finding that petitioner's procedural default under Rule 5:17(c) for failure to brief issues that were designated as assignments of error is an independent and adequate state ground to bar federal review); Yeatts v. Angelone, 166 F.3d 255, 264 (4th Cir. 1999) (holding that state procedural rule, Rule 5:17(c), which unambiguously explained that only assigned errors would be noticed by Supreme Court, was "adequate" to support procedural default of federal habeas petitioner's ineffective assistance of counsel claim). Accordingly, claims (b) and (c) are procedurally defaulted and may not be reviewed by this court absent a showing of cause and prejudice or actual innocence, the only miscarriage of justice recognized as sufficient to excuse procedural default. See Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999).

To establish cause for the procedural default, a petitioner must demonstrate that some "objective factor" external to his defense impeded him from complying with the state's procedural

---

[2] The relevant portion of Va. Sup. Ct. Rule 5:17(c) states: "Under a separate heading entitled 'Assignments of Error,' the petition shall list the specific errors in the rulings below upon which the appellant intends to rely. Only errors assigned in the petition for appeal will be noticed by this Court. Where appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to questions presented in, or to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court. An assignment of error which merely states that the judgment or award is contrary to the law and the evidence is not sufficient. If the petition for appeal does not contain assignments of error, the appeal will be dismissed." Petitioner contends that he did properly file "Objections and Assignments of Error." However, this court declines to second guess the Supreme Court of Virginia's determination that a state procedural rule was not followed. See Wiggins v. Virginia Dept. of Corrections, 190 Fed. App'x 295 (4th Cir. 2006) (citing Ashe v. Styles, 39 F.3d 80, 86 (4th Cir. 1994)) (noting that a federal court must defer to the state court's application of its procedural bar rules); Richardson v. Dillman, No. 7:06-cv-00359, slip op. at *3 (W.D. Va. Jan. 19, 2007).

rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, "a petitioner must offer 'new reliable evidence . . . that was not presented at trial,'" and "'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Applying these principles, the court concludes that petitioner has failed to establish cause and prejudice or actual innocence to excuse his procedural default. First, petitioner has failed to proffer any evidence to establish that any objective factor, external to his own defense, prevented him from properly filing his habeas appeal in the Supreme Court of Virginia. Likewise, petitioner has failed to proffer sufficient evidence to establish an actual innocence claim under Schlup. Consequently, claims (b) and (c) must be dismissed as procedurally barred.[3]

---

[3] The court further notes that claims (b) and (c) are procedurally defaulted on an additional independent and adequate state law ground. The Circuit Court for the City of Danville determined that claims (b) and (c) were barred pursuant to Va. Code Ann. § 8.01-654(B)(2), which provides that a petition for writ of habeas corpus shall contain all allegations the facts of which are known to petitioner at the time of filing. The Court found that claims (b) and (c) "could have been raised in Willis's first habeas corpus petition." The United States Supreme Court has recognized § 8.01-654(B)(2) as an independent and adequate state law that precludes federal review. See Gray v. Netherland, 518 U.S. 152, 162 (1996); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). Moreover, petitioner has failed to establish cause and prejudice or actual innocence to excuse his procedural default. First, petitioner has failed to proffer any evidence to establish that any objective factor, external to his own defense, prevented him from raising his constitutional claims in his first habeas petition. Petitioner contends that, because Virginia Code § 8.01-654(B)(2) was amended in 2005 to allow a state habeas petitioner to raise new claims in a second petition when the "sole allegation" of the first petition is a denial of appeal claim, his failure to include the claims in his first petition should be excused. This amendment does not apply here because petitioner raised several claims in his first petition in addition to his appeal claim. See Marshall v. Johnson, No. 2:06-cv-00515, slip op. at *3 (E.D. Va. July 10, 2007). Furthermore, petitioner has failed to proffer sufficient evidence to establish an actual innocence claim under Schlup. Accordingly, claims (b) and (c) are procedurally defaulted on this additional ground.

The court further notes that, even were it to consider petitioner's ineffective assistance of counsel claims, the petition would fail. As mentioned in the preceding standard of review, when a state court has rendered a decision on the merits, habeas relief is appropriate only if the state court's decision was contrary to federal law or was clearly contrary to the facts presented during the proceeding. See 28 U.S.C. § 2254(d)(1-2). A state court decision is contrary to federal law when it contradicts precedent set by the Supreme Court of the United States as to a question of law or if the state court confronts facts which are materially indistinguishable from a relevant Supreme Court precedent but arrive at an opposite result than the Supreme Court. Williams, 529 U.S. at 405.
(continued...)

## Ineffective Assistance of Counsel – Claim (a)

In claim (a), petitioner contends that he received ineffective assistance of counsel because counsel failed to competently investigate the distance between the checkpoint and the stop prior to trial. Petitioner raised this claim in his first habeas petition before the Supreme Court of Virginia and in his subsequent habeas petitions before the Circuit Court for the City of Danville and the Supreme Court of Virginia.

The Sixth Amendment to the United States Constitution protects a criminal defendant's right to effective assistance of counsel. In order to demonstrate ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that, but for counsel's alleged deficiency, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 689-94 (1984).

In Strickland, the Court announced a two-prong test that the defendant must satisfy in order to demonstrate a denial of his right to effective assistance of counsel. Id. at 669. The first prong requires the defendant to prove that counsel's representation of the defendant fell below an objective standard of reasonableness. Id. at 688. The Court stated that this "performance" inquiry "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In judging the particular act or omission, the question is whether it was reasonable considering all the circumstances. Id. at 688.

---

[3](...continued)
Additionally, a state court makes an unreasonable application of law if it unreasonably applies the correct rule to the facts presented or unreasonably extends or refuses to extend a particular legal principle. Id. at 406. However, a presumption of correctness attaches to state court factual findings. 28 U.S.C. § 2254 (e)(1). As such, the petitioner bears the burden of rebutting this presumption. Id. Petitioner has failed to rebut this presumption of correctness; furthermore, the record does not indicate that the state courts' decisions in petitioner's case are contrary to federal law.

9

Case 7:07-cv-00241-GEC-mfu   Document 14   Filed 11/19/07   Page 9 of 12   Pageid#: 327

However, there is a strong presumption that an attorney is acting reasonably. Id. at 688-689. The Court stated that the reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Darden v. Wainwright, 477 U.S. 168, 186 (1986).

The second prong of the Strickland test requires the defendant to prove prejudice to his defense. This requires a showing that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Counsel's errors, even if unreasonable, must be shown to have "actually had an adverse effect on the defense." Id.

Furthermore, as an inmate's claims of ineffective assistance of counsel have generally been adjudicated on the merits in the Virginia state courts before the inmate files his federal petition, a writ may only issue if the inmate can show that the state courts' decisions were either contrary to or involved an unreasonable application of clearly established federal law; in this instance, the Strickland test is the applicable clearly established federal law. 28 U.S.C. § 2254(d)(1-2); see Williams v. Taylor, 529 U.S. 362, 364-65 (2000). The United States Court of Appeals for the Fourth Circuit does not recognize the cumulative effect of counsel's errors in determining ineffective assistance of counsel. See Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1988) (rejecting petitioner's argument that the cumulative effect of counsel's errors deprived petitioner of a fair trial when no individual error was found to prejudice the petitioner).

As indicated in the factual and procedural summary above, the Circuit Court for the City of Danville's review of the evidence adduced at petitioner's trial established that he failed to satisfy

10

either prong of Strickland. The Court pointed out that petitioner was bound by his representation in open court, under oath, that he was entirely satisfied with his attorney's services. The Court further noted that the distance between the checkpoint and the stop was irrelevant to the Court's findings and, thus, there was not a reasonable probability of a different outcome at trial. This finding is neither contrary to nor an unreasonable application of federal law. First, the material issue at trial concerned whether petitioner was driving after having been declared an habitual offender. Also, it is reasonable to determine that evidence in the form of the distance between the checkpoint and the stop would not have resulted in a different outcome of the suppression hearing. The evidence that petitioner was attempting to evade the roadblock was significant in that he turned into an office complex on a Saturday night at 10:00 p.m. within a few hundred feet of the roadblock. That entrance was the only way into and out of the complex. Further, he indicated to Officer Haley that he was aware of his status as an habitual offender; thus, it does not defy reason to conclude that he had a strong motive to evade detection. The Court reasonably applied the proper standard of review under Strickland, and its ruling, which is consistent with the evidence contained in the record, is entitled to deference under § 2254. Accordingly, this claim will be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss. The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

In seeking habeas corpus relief, petitioner requests that the court grant an evidentiary hearing. The court determines that an evidentiary hearing is not required, as purely legal issues are presented and the record before the court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases. Therefore, petitioner's request for an evidentiary hearing will be

11

denied. Petitioner's motion to appoint counsel will also be denied. Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Here, it is apparent that petitioner can adequately represent himself, and an evidentiary hearing is not necessary, as the petition is without merit.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Willis-El v. Cockrell</u>, 537 U.S. 322 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within thirty days of the date of entry of this opinion and the accompanying final Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 19th day of November, 2007.

/s/ Jackson Conrad
United States District Judge